IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STATE OF IOWA and STATE OF NEBRASKA, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 4:23-cv-0284-RGE-SBJ |
| | ) |
| MICHAEL S. REGAN, in his official Capacity as Administrator of the U.S. Environmental Protection Agency; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | ) ) ) ) ) ) |
| Defendants. | ) ) |

## ANSWER

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Michael S. Regan, in his official capacity as Administrator of the Environmental Protection Agency, and the Environmental Protection Agency (collectively "EPA"), plead as follows in response to Plaintiff's Compliant, *see* ECF No. 1.  Except as expressly admitted herein, EPA denies each and every allegation of fact set forth in the Complaint.

1. The allegations of Paragraph 1 consist of legal conclusions, to which no response is required.

2. The allegations of Paragraph 2 consist of legal conclusions, to which no response is required.

3. The allegations of Paragraph 3 consist of legal conclusions, to which no response is required.

1

4. The allegations of Paragraph 4 consist of legal conclusions, to which no response is required.

5. The allegations of Paragraph 5 consist of legal conclusions, to which no response is required.

6. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and on that basis denies them.

7. EPA admits that the Plaintiffs in this action are the State of Iowa and the State of Nebraska. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 7 and on that basis denies them. The third sentence of Paragraph 7 states legal conclusions to which no response is required.

8. EPA admits the allegations of Paragraph 8.

9. EPA admits the allegations of Paragraph 9.

10. The allegations of Paragraph 10 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

11. EPA admits that it received Plaintiffs' Notice of Intent to Sue letter on March 6, 2023.

12. EPA admits that the States filed the Complaint on August 7, 2023. The remaining allegations of Paragraph 12 consist of legal conclusions to which no response is required.

13. The allegations of the first sentence of Paragraph 13 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents. EPA admits the allegations of the second and third sentences of Paragraph 13. The Clean Air Act does not define Reid vapor pressure at 42 U.S.C. § 7545(h) and EPA denies the fourth sentence of Paragraph 13 on that basis.

14. As to the allegations of the first sentence of Paragraph 14, EPA admits that it took regulatory action on the volatility of gasoline at 42 Fed. Reg. 32,274 (Aug. 19, 1987), 54 Fed. Reg. 11,868 (Mar. 22, 1989); and 55 Fed. Reg. 23,658 (June 11, 1990), which speak for themselves and are the best evidence of their contents. The second and third sentences of Paragraph 14 characterize the Federal Register notice cited which speaks for itself and is the best evidence of its contents.

15. The allegations of Paragraph 15 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

16. The allegations of Paragraph 16 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies the allegations.

17. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and second sentences of Paragraph 17 and on that basis denies them. The third sentence of Paragraph 17 characterizes the Federal Register notice cited which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies the allegations of Paragraph 17.

18. The allegations of Paragraph 18 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

19. The allegations of Paragraph 19 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

20. The allegations of Paragraph 20 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

21. The allegations of Paragraph 21 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

22. The allegations of Paragraph 22 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

23. The allegations of Paragraph 23 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

24. The allegations of Paragraph 24 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.  To the extent a further response is required, EPA denies the allegations.

25. The allegations of Paragraph 25 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

26. The allegations of Paragraph 26 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

27. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and on that basis denies them.  To the extent a further response is required, EPA denies the allegations.

28.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and on that basis denies them.

29.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in the first and third sentences of Paragraph 29 and on that basis denies them. EPA admits the allegations in the second and fourth sentences of Paragraph 29.

30.     EPA admits that it has issued emergency waivers for two years in certain jurisdictions to allow year-round sale of E15.

31.     EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and on that basis denies them.

32.     EPA admits the allegations of Paragraph 32.

33.     The allegations of Paragraph 33 characterize the contents of an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

34.     The allegations of Paragraph 34 characterize the contents of an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

35.     The allegations of Paragraph 35 characterize the contents of an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

36.     The allegations in Paragraph 36 characterize the MOVES3 emission-modeling system which speaks for itself and is the best evidence of its contents.

37. The allegations of Paragraph 37 characterize the contents of an analysis attached to an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

38. The allegations of Paragraph 38 characterize the contents of an analysis attached to an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

39. EPA admits the allegations of Paragraph 39.

40. EPA admits the allegations of Paragraph 40.

41. The allegations of Paragraph 41 characterize the proposed rule EPA published at 88 Fed. Reg. 13,758 which speaks for itself and is the best evidence of its contents.

42. The allegations of Paragraph 42 characterize the proposed rule EPA published at 88 Fed. Reg. 13,758 which speaks for itself and is the best evidence of its contents. To the extent a further response is required, EPA denies the allegations.

43. EPA admits that all public comments on the proposed regulation were due on or before April 20, 2023. The allegations of the second and third sentences of Paragraph 43 characterize public comments on the proposed rule EPA published at 88 Fed. Reg. 13,758, which speak for themselves and are the best evidence of their contents.

44. EPA admits that it has not issued a final rule. The remaining allegations call for legal conclusions and thus do not require a response. To the extent a further response to the remaining allegations is required, EPA denies the allegations.

45. The allegations of Paragraph 45 characterize the contents of an April 28, 2022, letter from the Governors of Iowa, Nebraska, Illinois, Kansas, Minnesota, North Dakota, and South Dakota which speaks for itself and is the best evidence of its contents.

46. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies them.

47. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies them.

48. The allegations of Paragraph 48 characterize the Clean Air Act which speaks for itself and is the best evidence of its contents.

49. The allegations in Paragraph 49 call for legal conclusions and thus do not require a response.

50. EPA admits the allegations in Paragraph 50.

51. The allegations in Paragraph 51 call for legal conclusions and thus do not require a response. To the extent a further response is required, EPA denies the allegations.

52. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 52 and on that basis denies them.

53. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies them.

54. The allegations in Paragraph 54 call for legal conclusions and thus do not require a response.

55. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 55 and on that basis denies them.

56. The allegations in Paragraph 56 call for legal conclusions and thus do not require a response. To the extent a further response is required, EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and on that basis denies them.

57. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and on that basis denies them.

58. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies them.

59. The allegations of Paragraph 59 purport to characterize the Clean Air Act which speaks for itself and provides the best evidence of its contents.

60. EPA admits the allegations of paragraph 60.

61. EPA admits the allegations of paragraph 61.

62. The allegations of Paragraph 62 call for legal conclusions and thus do not require a response.

63. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies them.

64. The allegations of Paragraph 64 call for legal conclusions and thus do not require a response.

65. EPA lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies them. To the extent a response is required, EPA denies the allegations.

66. EPA denies that Plaintiffs are entitled to the relief included in the Prayer for Relief set forth on page 16 of the Complaint.

67. To the extent EPA has not otherwise responded to each and every factual allegation of the Complaint, such unanswered allegations are specifically denied.

**DEFENSE**

1. Even if the Court finds liability on the claim for relief in the Complaint, the Court should deny injunctive relief for equitable reasons.

WHEREFORE, Defendant requests that this action be dismissed with prejudice and requests other and further relief as is just and appropriate.

Respectfully submitted,

Dated: October 17, 2023

/s/ *Benjamin J. Grillot*

BENJAMIN J. GRILLOT
Environment and Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 305-0303
benjamin.grillot@usdoj.gov