IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| STATE OF IOWA and STATE OF NEBRASKA,<br><br>     Plaintiffs,<br>v.<br><br>MICHAEL S. REGAN and UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,<br><br>     Defendants. | Civil Action No. 4:23-cv-0284-RGE-SBJ |

**BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

EPA does not contest that the Governors of Iowa and Nebraska, among other states, have submitted administrative petitions requesting that EPA promulgate a regulation under the Clean Air Act. EPA further does not contest that the Clean Air Act requires EPA to promulgate that regulation within 90 days after the receipt of those petitions. While EPA does not contest liability on the single claim in the Complaint, this Court should exercise its equitable powers and set a reasonable deadline that takes into account the relevant facts and circumstances for EPA to issue the regulation.

EPA published a proposed rule on March 6, 2023, and sought public comment through April 20, 2023. Since that time EPA has received numerous administrative petitions seeking to delay the effective date of the final rule. EPA is required to consider such petitions and to consult with the Secretary of Energy on them. Accordingly, taking into account the relevant

facts and circumstances, EPA currently intends to issue a final rule by March 28, 2024. This date is reasonable and should be adopted by the Court.

## STATUTORY AND REGULATORY BACKGROUND

The Clean Air Act was enacted to "protect and enhance the quality of the Nation's air resources" so as to "promote the public health and welfare and the productive capacity" of the country. 42 U.S.C. § 7401. To achieve this, the Act authorizes EPA to regulate fuels and fuel additives. 42 U.S.C. § 7545.

Specifically, the Act prohibits the sale of gasoline with a Reid Vapor Pressure (RVP)[1] of greater than 9.0 psi during the high ozone season (May 1 to September 15) to reduce emissions that contribute to the formation of smog (ground-level ozone). 42 U.S.C. § 7545(h)(1); 40 C.F.R. § 1090.80, 1090.215.

In 1990, Congress amended the Clean Air Act to allow a 1-psi RVP "ethanol waiver" – that is, it allowed the sale of gasoline with an RVP of 10.0 psi during the high ozone season if the gasoline contained 10 percent ethanol (E10).[2] 42 U.S.C. § 7545(h)(4). When enacted, the ethanol waiver applied to a relatively small portion of gasoline sold in the United States; however, today almost all gasoline sold in the United States is E10. Request from States for

---

[1] Reid Vapor Pressure is a common measure of fuel volatility. It is defined as the absolute vapor pressure of fuel at 100 degrees Fahrenheit. Compl. ¶ 13.

[2] This provision does not apply to gasoline with higher amounts of ethanol, such as E15.

Removal of Gasoline Volatility Waiver (Proposed Rule), 88 Fed. Reg. 13758, 13760 (Mar. 6, 2023) ("Volatility Rule").

The 2005 amendments to the Clean Air Act also contained a provision allowing states to apply for an exclusion from the "ethanol waiver." The Act provides that Governors may notify EPA that the RVP limit for E10 will increase air pollutant emissions in that state. 42 U.S.C. § 7545(h)(4). If they do so, and provide supporting documentation, the Act states that "the Administrator shall, by regulation, apply" the 9.0 psi limitation for that area. *Id.* at 7545(h)(5).

The Act also provides that if EPA determines – after consultation with the Department of Energy – that promulgation of such regulations would "result in an insufficient supply of gasoline in the State" then it may extend the effective date of the regulations for up to one year, and then may renew that extension for up to two additional periods of up to one year each. 42 U.S.C. § 7545(h)(5)(C)(ii).

The Complaint in this case is a CAA citizens' suit claim involving EPA's duty to make a decision on the States' administrative petitions, *see* 42 U.S.C. § 7604(a)(2); the content or substance of EPA's future final decisions is not at issue in this case.

## FACTUAL BACKGROUND

On April 28, 2022, eight governors submitted a letter to EPA, requesting removal of the 1-psi waiver for E10 in their states. Compl. Ex. 5 at 4.[3] Subsequently, the Governors of Ohio

---

[3] Solely for purposes of this Motion for Summary Judgment the United States does not contest any material facts in the Complaint. The sole remaining issue in this case concerns remedy. The CAA gives the Court "jurisdiction . . . to order the Administrator to perform" a non-discretionary

and Missouri also submitted requests.  *Id.* at 6, 8.  Two states – Kansas and North Dakota – rescinded their requests.  Compl. ¶ 32.  The letters from the States included modeling results showing that the ethanol waiver increased certain pollutant emissions.  88 Fed. Reg. at 13760.

On March 6, 2023, EPA published a proposed rule in the Federal Register seeking to remove the 1-psi waiver for E10 for the petitioning states beginning on April 28, 2024.  *See* Volatility Rule, 88 Fed. Reg. 13758.  EPA solicited the submission of public comment on the proposed rule through April 20, 2023.  *Id.*

## PROCEDURAL HISTORY

On August 7, 2023, the States of Iowa and Nebraska filed the Complaint in this case under the citizen suit provision of the Clean Air Act seeking to compel the performance of a non-discretionary duty under the Act.  Dkt. 1.  The United States answered the Complaint on October 17, 2023.  Dkt. 6.  On November 8, 2023, this Court ordered the parties to file dispositive motions by November 29, 2023.  Dkt. 10.

## STANDARD OF REVIEW

The Clean Air Act authorizes a district court to order EPA to "perform any act or duty" under the Act which is "not discretionary."[4]  42 U.S.C. § 7604(a)(2); *see Nucor Steel-Arkansas v.*

---

duty, 42 U.S.C. § 7604(a)(2), and that exercise of injunctive relief authority should take into account the relevant facts and circumstances, and equitable considerations.

[4] The Clean Air Act's waiver of sovereign immunity should be interpreted *in pari materia* with the judicial review provisions of the Administrative Procedure Act.  *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006) ("statutes addressing the same subject matter generally should be read as if they were one law"); *see also Murray Energy Corp. v. EPA*, 861 F.3d 529,

4

*Big River Steel, LLC*, 93 F. Supp. 3d. 983, 985 (E.D. Ark. 2015), *aff'd*, 825 F.3d 444 (8th Cir. 2016). Federal Courts, however, are not required to issue injunctions. Remedial injunctive relief orders in this setting generally should be designed to achieve compliance with the Act, and if such an order is issued the Court should consider all of the relevant facts and circumstances, and equitable considerations, in developing a reasonable remedy. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982).

## ARGUMENT

I. **Defendants acknowledge that EPA has not met the Clean Air Act's statutory deadline to promulgate the Volatility Rule.**

Section 304(a)(2) of the Clean Air Act provides for citizen enforcement of the Act under certain circumstances, which includes an agency's failure to perform a duty which is not discretionary. 42 U.S.C. § 7604(a)(2). This limited waiver of sovereign immunity "empowers a court only to compel an agency to perform a ministerial or non-discretionary action, or to take action upon a matter, without directing *how* it shall act." *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (cleaned up).

The Clean Air Act provides that Governors may notify EPA, and provide accompanying documentation, showing that the established Reid Vapor Pressure limitation will increase emissions in any area in the State under 42 U.S.C. § 7545(h)(5)(A). Once a Governor does so, the Clean Air Act provides that the Administrator of EPA "shall promulgate regulations"

---

535 (4th Cir. 2017) (CAA citizen suits construed in the same manner as review of agency action under the APA).

applying a lower Reid Vapor Pressure limitation during the summer high-ozone season. *Id.* § 7545(h)(5)(B). The Act requires the Administrator to promulgate the regulations "not later than 90 days after the date of receipt of a notification from a Governor. …". *Id.*

Defendants do not contest that this requirement provides the type of statutory duty that is enforceable under the CAA citizens' suit provision. *See Norton*, 542 U.S. at 63 (noting a "failure to promulgate a rule or take some decision by a statutory deadline" as an example of a "failure to act" under the APA). Because more than 18 months have passed since EPA received the Governors' notification, with accompanying documentation, the Court could compel agency action under section 304(a) of the CAA.

## II. The sole remedy available in this case is to compel performance of the statutory duty in question by a reasonable deadline.

It is well settled that a court need not mechanically impose an injunction requiring an agency to act anytime it is determined that agency action has been unlawfully withheld. *See Weinberger v. Romero-Barcelo*, 456 U.S. at 313 ("a federal judge sitting as chancellor is not mechanically obligated to grant an injunction for every violation of law."). Rather, equitable principles continue to govern the remedy inquiry, and any remedial order should take full account of the relevant facts and circumstances. *See Nat'l Wildlife Fed'n v. Espy,* 45 F.3d 1337, 1343 (9th Cir. 1995) (decision to grant or deny injunctive relief is controlled by principles of equity.)

The sole remedy available is to "compel the agency to act" without "specify[ing] what the action must be." *Norton*, 542 U.S. at 65; see also *Frey v. EPA*, 751 F.3d 461, 469 (7th Cir. 2014). In determining the appropriate timeline for agency action, the proper standard is reasonableness. *Env't Def. Ctr. v. Babbitt*, 73 F.3d 867, 872 (9th Cir. 1995).

Here, EPA published the proposed Volatility Rule on March 6, 2023, and solicited public comment on the proposed rule. The public comment period closed on April 20, 2023, and EPA received more than 40 public comments. In addition, as contemplated by 42 U.S.C. § 7545(h)(5)(C), EPA received 10 administrative petitions seeking extensions to the effective date of the final rule – including a petition as submitted as recently as November 15, 2023. Goffman Decl. ¶ 8; Appendix at 8. Those petitions require consultation with the Department of Energy to determine if promulgation of the regulations will result in an insufficient supply of gasoline. 42 U.S.C. § 7545(h)(5)(C)(ii)(I).

EPA is actively working to finalize the proposed Volatility Rule, including responding to public comments as required by law, evaluating incoming petitions, coordinating with other federal agencies, and resolving technical issues associated with the proposed rulemaking. Goffman Decl. ¶ 10; Appendix at 8-9. This rulemaking is the first time EPA has promulgated a final rule under this provision of the Clean Air Act, and while the rule will be applicable in only eight states, it will impact the fuel system throughout much of the United States. *Id.* The final rule will likely address the production of new additional grades of gasoline at refineries, and thus requires extensive coordination between parties in the fuel distribution system to distribute these new additional grades, and ultimately make them available at retail outlets in the petitioning states. *Id.* Further, EPA must coordinate its final rulemaking action with not only the Department of Energy as required, but also with other entities within the Administration. In addition, EPA staff continue to support other agency actions while this work continues. *Id.* Taking into account all of the considerations, EPA has determined that it will require until March 28, 2024, to complete this work and to sign a final rule. *Id.*

This timeframe is reasonable because it ensures sufficient time for EPA to address the 10 subsequent administrative petitions received to delay the effective date of the final rule and coordinate, as required by statute, with the Department of Energy with respect to its fuel supply implications, as well as other Administration offices prior to it being finalized.

## CONCLUSION

For the foregoing reasons, this Court should grant the United States' Motion for Summary Judgment and implement a reasonable timeline for EPA to finalize the Volatility Rule here, setting a deadline for EPA to sign a final rule by March 28, 2024.

Respectfully submitted,

Dated: November 29, 2023

*Benjamin J. Grillot*

BENJAMIN J. GRILLOT
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 305-0303
benjamin.grillot@usdoj.gov